UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: JUL 1 2 2016
```

---

Don Pravda,

          Plaintiff,

      –v–

Prudential Insurance Company of America,

          Defendant.

16-cv-2750 (AJN)

MEMORANDUM &
ORDER

---

ALISON J. NATHAN, District Judge:

       Plaintiff Don Pravda filed this action against Prudential Insurance Company of America ("Prudential") under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(a)(1)(B). Pravda claims that Prudential wrongly determined that he was not eligible for long term disability benefits. Before the Court is Prudential's motion to strike Pravda's jury demand. For the reasons below, that motion is granted.

## I.    Background

   The following facts are taken from the Complaint. From 2011 through 2014, Pravda was covered under a group long-term disability insurance policy through his then-employer, JP Morgan-Chase Bank, N.A. Pravda alleges that he became disabled within the meaning of the policy on April 5, 2014, and remains so to this day. Pravda filed a claim with Prudential, but on January 6, 2015, Prudential advised him that he was not eligible for long-term disability benefits under the policy. Pravda filed an appeal with the plan administrator, which was denied on November 5, 2015.

   On April 13, 2016, Pravda filed this suit under 29 U.S.C. § 1132(a)(1)(B). Pravda seeks to recover past benefits owed, along with a declaratory judgment that (1) he is disabled within the

meaning of the insurance policy, and (2) that Prudential must continue to make payments to him as long as he remains totally disabled.  Additionally, he seeks attorneys' fees and costs.

## II.   Discussion

Pravda argues that he is entitled to a jury trial under the Seventh Amendment because his suit to recover insurance benefits is legal in nature.  The Seventh Amendment guarantees a jury trial in civil cases for legal suits but not for equitable ones.  *Pereira v. Farace*, 413 F.3d 330, 337 (2d Cir. 2005).  To determine whether a suit is legal or equitable, courts must (1) "ask whether the action would have been deemed legal or equitable in 18th century England"; (2) "examine the remedy sought and determine whether it is legal or equitable in nature"; and then (3) "balance the two, giving greater weight to the latter." *Id.* (internal quotation marks omitted).  Pravda asks the Court to apply this test to his action under Section 1132(a)(1)(B), and conclude that it is legal in nature on the grounds that it is analogous to a breach of contract suit for damages.  *See id.* at 379.  However, the Court is bound by Second Circuit precedent holding that suits to recover benefits under Section 1132(a)(1)(B) are equitable in nature.

The Second Circuit has determined that "there is no right to a jury trial in a suit brought to recover ERISA benefits."  *Sullivan v. LTV Aerospace & Def. Co.*, 82 F.3d 1251, 1258 (2d Cir. 1996) (discussing Section 1132(a)(1)(B)), *abrogated on other grounds, McCauley v. First Unum Life Ins. Co.*, 551 F.3d 126 (2d Cir. 2008); *see also Tischmann v. ITT/Sheraton Corp.*, 145 F.3d 561, 568 (2d Cir. 1998) (same).  The ERISA statute does not provide for a jury trial.  *Sullivan*, 82 F.3d at 1258.  And the Seventh Amendment's jury right does not apply, since "cases involving ERISA benefits are inherently equitable in nature, not contractual." *DeFelice v. Am. Int'l Life Assur. Co. of N.Y.*, 112 F.3d 61, 64 (2d Cir. 1997) (discussing Section 1132(a)(1)(B)).  The reason why suits to recover ERISA benefits are equitable is that in most such suits—including this one—"only an order for continuing benefits would be sufficient" to provide relief.  *Blake v. Unionmutual Stock Life Ins. Co. of Am.*, 906 F.2d 1525, 1526 (11th Cir. 1990).  The Eleventh Circuit held in *Blake* that the ongoing nature of relief available under Section 1132(a)(1)(B)

2

makes it a "traditionally equitable" remedy. *Id.* Adopting *Blake*, the Second Circuit explained

that Section 1132(a)(1)(B) is best understood as a providing not a contract-like legal remedy, but

rather a "trust-like" equitable remedy that "renders a claim [under the provision] equitable."

*DeFelice*, 112 F.3d at 64 (citing *Blake*, 906 F.2d at 1526).

      Pravda argues that *Sullivan*, *DeFelice*, and similar cases are no longer good law in the

wake of the Supreme Court's decision in *Great-West Life & Annuity Ins. Co. v. Knudson*, 534

U.S. 204 (2002). However, the Second Circuit has continued to maintain that no jury right is

available in actions to recover ERISA benefits over the decade and a half since *Great West*.

*O'Hara v. Nat'l Union Fire Ins. Co. of Pittsburgh*, 642 F.3d 110, 116 (2d Cir. 2011) ("[T]here is

no right to a jury trial in a suit brought to recover ERISA benefits[.]"); *Muller v. First Unum Life

Ins. Co.*, 341 F.3d 119, 124 (2d Cir. 2003) ("[T]here is no right to a jury trial under ERISA[.]");

*see Peck v. Aetna Life Ins. Co.*, No. CIV.A.3:04-CV1139JCH, 2005 WL 1683491, at *4 (D.

Conn. July 19, 2005) (rejecting argument that *Great-West* justifies departing from Second Circuit

precedent); *see also, e.g.*, *Murphy v. First Unum Life Ins. Co.*, No. 15-CV-820 (SJF)(SIL), 2016

WL 526243, at *4 (E.D.N.Y. Feb. 9, 2016) (striking jury demand in suit to recover ERISA

benefits); *Chau v. Hartford Life Ins. Co.*, No. 1:14-CV-8484-GHW, 2016 WL 844831, at *7

(S.D.N.Y. Mar. 1, 2016) (same).

      Moreover, *Great-West* is not relevant to this case. *Great-West* concerned a suit filed by

an ERISA insurer seeking to enforce a contractual provision requiring a beneficiary to turn over

money acquired from a third-party tortfeasor. 534 U.S. at 207–08. The Supreme Court held that

the insurer's claim for restitution was not "equitable relief" within the meaning of 29 U.S.C.

§ 1132(a)(3). The Supreme Court explained that restitution is only equitable when the plaintiff

seeks the return of specific, identifiable funds or property that the plaintiff previously owned. *Id.*

at 213. If the plaintiff simply seeks to recover "money to pay for some benefit the defendant had

received from him," then the action is a legal one that sounds in contract or quasi-contract. *Id.*

*Great-West* concerns a different part of ERISA than the one at issue in this case. More

importantly, *Great-West* concerns when *restitution* is an equitable remedy. Pravda is not seeking

restitution of money he has given to Prudential (*i.e.*, the return of his premiums).  Instead, he is seeking to compel the payment of disability benefits.  Nothing in *Great-West* purports to change the analysis in *Blake* and *DeFelice* concluding that suits under Section 1132(a)(1)(B) are equitable in nature.  The Court therefore must follow the Second Circuit's long-standing rule that there is no right to a jury trial in a suit to recover ERISA benefits under 29 U.S.C. § 1132(a)(1)(B).

## III.    Conclusion

For the reasons above, Prudential's motion to strike Pravda's jury demand is granted.

SO ORDERED.

Dated: July 12, 2016
       New York, New York

ALISON J. NATHAN
United States District Judge

4